**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Allen Woods, | No. CV-18-08255-PCT-DJH (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Stephanie Herrick, et al., | |
| Defendants. | |

On January 14, 2019, Plaintiff Matthew Allen Woods, who is confined in the Arizona State Prison (ASP)-Kingman, filed a pro se civil rights First Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 7). The Court ordered Defendants Herrick and Correct Care Solution to answer the First Amended Complaint (Doc. 8 at 5). On October 11, 2018, Plaintiff filed an Application to Proceed in Forma Pauperis by a Prisoner Civil (Non-Habeas) (Doc. 2). In his Application, Plaintiff avows that he earns thirty-five cents an hour employed at the institution where he is confined (*Id.* at 1). He further states that he has no "other sources of income, savings, or assets either inside or outside of the institution" where he is confined (*Id.* at 2). The Court granted Plaintiff's Application, requiring Plaintiff to pay his filing fee pursuant to 28 U.S.C. § 1915(b)(1) (Doc. 5 at 8).

Pending before the Court is Plaintiff's "Motion for Leave to Waive the Formal Requirements of LRCiv 5.4" (Doc. 9). Plaintiff requests "leave to waive the formal requirements of LRCiv 5.4 by permitting him to submit to the Court one copy of any future

pleading or document for adjudication without including a second copy for use by the District Judge or Magistrate Judge due to his poverty. . . . " Plaintiff asserts that "[i]f the Court does not grant this motion, Plaintiff will be compelled to choose between challenging the unconstitutional conditions of his confinement and obtaining basic hygiene supplies . . . ." (Doc. 9 at 2). However, Plaintiff provides no specific factual basis or any supporting documentation from which the Court reasonably could find that a waiver of LRCiv 5.4 is warranted in this case. Plaintiff does not indicate the cost of hygiene supplies, a history of Plaintiff's monthly expenses in this regard, the cost of complying with LRCiv 5.4, and a calculation that reflects the severity of the choice Plaintiff alleges. A district court's local rules are not petty requirements but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted).

For the reasons set forth above,

**IT IS ORDERED** denying without prejudice Plaintiff's "Motion for Leave to Waive the Formal Requirements of LRCiv 5.4" (Doc. 9).

Dated this 13th day of June, 2019.

> Eileen S. Willett
> United States Magistrate Judge